UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESTON LEONARD
SCHOFIELD,

       Plaintiff,

v.                              CASE NO.  8:13-CV-2455-T-17AEP

JANE CASTOR, etc.,
et al.,

       Defendants.

_____/


ORDER

This cause is before the Court on:


Dkt. 14  Motion for Jury Trial
Dkt. 18  Motion for Default Judgment and Request
        For Status of Case
Dkt. 21  Motion for Default Judgment

Plaintiff Preston Leonard Schofield, pro se, filed Plaintiff's Complaint on 9/24/2013.  The Complaint is based on a traffic stop of Plaintiff's car on July 10, 2013 in Tampa, FL.  At that time, the Tampa Police Officer who stopped Plaintiff determined there was an outstanding warrant for Plaintiff issued in Seminole County, Florida. Plaintiff Schofield was transported to Seminole County Jail, where Plaintiff remained for twenty-eight days.  On August 8, 2013,  Plaintiff Schofield contacted the Tampa Police Department to find out where his car was.  Plaintiff Schofield then contacted Professional Towing, and was told Plaintiff owed $235.00 for impoundment.  Plaintiff had to wait two weeks for the refund of his bail bond of $2,000.00.  Plaintiff alleges that Plaintiff received a verbal confirmation at that time.  Plaintiff went to Tampa on August 22, 2013 to pick up his vehicle at 3304 E. 7th Avenue, Tampa, FL.  The Clerk at that

Case No. 8:13-CV-2455-T-17AEP

address did not know where Plaintiff's car was.  Plaintiff then called Tampa Police Department, and was told a car was dispatched.  When the car did not show up, Plaintiff again contacted Tampa Police Department, but no car was available due to a traffic fatality.  Plaintiff Schofield want to the Tampa Police Department to make a report, but the desk personnel refused to take Plaintiff's complaint against the Tampa Police Department and Professional Towing.  Plaintiff attempted to contact the Police Chief about his vehicle, without any response.  Plaintiff Schofield faxed a complaint to the Tampa Towing Commission, and when Plaintiff Schofield again contacted Tampa Police Department, Plaintiff was told to call the Towing Commission.  Plaintiff Schofield seeks the replacement value of his car, exercise equipment, birth certificates for his family and military records, in the amount of $30,000.00.

I.  Background

Plaintiff's Motion to Proceed IFP was granted on October 3, 2013 (Dkt. 4).  The Order explained in detail how to fill out the forms.  When the Clerk sent forms to Plaintiff, to be returned to the Clerk within thirty days, the mail was returned as undeliverable on October 23, 2013.  The Court cautioned Plaintiff as to Fed. R. Civ. P. 4(m), failure to perfect service within 120 days without good cause may result in dismissal of the Plaintiff's claims.

In November, 2013, Plaintiff Schofield moved to compel discovery (Dkt. 6).  The Court denied Plaintiff's Motion, finding discovery was premature since Defendants had not been served (Dkt. 7).  The Court cautioned Plaintiff to keep a current address of record with the Court, and that failure to keep Plaintiff's address current at all times could result in dismissal for failure to prosecute.  The Court directed the Clerk of Court to send a copy of the Order granting IFP (Dkt. 4) to Plaintiff.

Plaintiff Schofield appealed the Order denying Plaintiff's Motion to Compel

Case No. 8:13-CV-2455-T-17AEP

Discovery.  On April 4, 2014, the Court affirmed the ruling of the assigned Magistrate Judge, and again directed the Clerk of Court to mail forms to Plaintiff, advising Plaintiff that this case would be dismissed if the forms were not returned within fourteen days (Dkt. 12).

On April 9, 2014, Plaintiff Schofield brought the forms in to the Clerk of Court, but the forms were not filled out correctly.  The Clerk of Court again mailed forms to Plaintiff.   The docket does not reflect that Plaintiff Schofield returned the forms mailed to him on April 9, 2014 within fourteen days.

On April 10, 2014, Plaintiff Schofield moved for a jury trial and to appoint counsel (Dkt. 14).  The Motion to Appoint Counsel was denied (Dkt. 15).

On June 4, 2014, Plaintiff Schofield filed a notice of change of address (Dkt. 17).  On June 4, 2014, Plaintiff filed a Notice of Status Request (Dkt. 17).  On September 24, 2014, Plaintiff moved for a default judgment, and for the status of the case, with a supporting affidavit alleging that Defendants stole Plaintiff's 2006 Pontiac G6 through the pretense of a traffic stop (Dkts. 18, 19).

On January 12, 2015, Plaintiff Schofield  filed a notice of change of address (Dkt. 20), filed a duplicate of Plaintiff's prior Motion for Default Judgment (Dkt. 21).  Plaintiff Schofield also came to the office of the Clerk of Court and filled out a new set of service forms.

II.  Discussion

A.  Service under Fed. R. Civ. P. 4(m)

A plaintiff is responsible for serving the defendant with a summons and complaint

Case No. 8:13-CV-2455-T-17AEP

within the time allowed under Rule 4(m).  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) requires a plaintiff to properly serve the defendant within 120 days of the plaintiff filing the complaint.  Fed. R. Civ. P. 4(m).

If the plaintiff fails to properly serve the defendant within 120 days, the Court , upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice...or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure, the Court shall extend the time of service for an appropriate period.  Id.  Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service. Prisco v. Frank, 929 F.2d 603m 604 (11th Cir. 1991), superseded in part by rule as stated in Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1133 (11th Cir. 2005).  Even in the absence of good cause, the district court has discretion to extend the time for service of process.  Relief may be justified where, for example, the statute of limitations would bar the refiled action, where the defendants have evaded service, or have concealed a defect in service.

In this case, service has not been made within 120 days of the filing of the complaint.  The Court extended the time for service based on Plaintiff's non-receipt of mail, including the Court's orders and service forms, and based on the pro se plaintiff's return of forms that were deficient, although returned within the appropriate time.  The Court directs Plaintiff to file a response to this Order within fourteen days which explains why Plaintiff Schofield did not return the service forms mailed to Plaintiff on April 9, 2014 within fourteen days.

Service of the summons and complaint has never been made on Defendants. After consideration, the Court therefore denies the pending motions for default judgment without prejudice.   Plaintiff's Motion for jury trial is granted.  Accordingly, it is

4

Case No. 8:13-CV-2455-T-17AEP

ORDERED that Plaintiff Schofield **shall show cause** within fourteen days why Plaintiff did not return the service forms mailed to Plaintiff on April 9, 2014 within fourteen days, by filing a response to this Order.  Failure to file a response may result in the dismissal of this case.  It is further

ORDERED that Plaintiff's Motion for jury trial is **granted** (Dkt. 14); Plaintiff's Motions for Default Judgment are **denied without prejudice** (Dkts. 18, 21).

DONE and ORDERED in Chambers, in Tampa, Florida on this 13th day of January, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record