UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESTON LEONARD
SCHOFIELD,

        Plaintiff,

v.                          CASE NO.  8:13-CV-2455-T-17AEP

JANE CASTOR, etc.,
et al.,

        Defendants.

_____/


ORDER

     This cause is before the Court on the Court's Order (Dkt. 22), which directed Plaintiff to file a response explaining why Plaintiff Schofield did not return the service forms mailed to Plaintiff on April 9, 2014 within fourteen days.


     Plaintiff Schofield commenced this case by filing a Complaint on September 24, 2013, without prepayment of a filing fee.  The assigned Magistrate Judge granted IFP status on October 3, 2013 (Dkt. 4), in an Order which explained in detail how to proceed, and which cautioned Plaintiff that the failure to return forms as directed may result in the dismissal of this case without further notice, which directed Plaintiff to notify the Court of any change of address, and which further cautioned Plaintiff as to Fed. R. Civ. P. 4(m).  There has been an extended delay in service of process on Defendants. Forms for service have not been returned, or have not been completed correctly, and mail has been returned as "undeliverable."   On April 4, 2014, the Court directed the Clerk of Court to again mail forms (for service) to Plaintiff, and notified Plaintiff that if the forms were not returned, this case would be dismissed (Dkt. 12).  Plaintiff returned the forms on April 9, 2014, but they were not filled out correctly and new forms were mailed to Plaintiff.  The forms were not returned, and Plaintiff Schofield has not responded to

Case No. 8:13-CV-2455-T-17AEP

the Court's Order directing Plaintiff to explain Plaintiff's non-compliance.

The Court notes that Plaintiff Schofield has filed motions and taken other actions to pursue this case at a later time, but the Court's initial Order of October 3, 2013  (Dkt. 4) explained that the failure to return of properly completed forms to effect service would render the Court unable to meet its responsibility pursuant to 28 U.S.C. Sec. 1915(d) regarding service of process.   Without proper service of process, the Court does not have jurisdiction over Defendants.

Pro se litigants are required to comply with the Federal Rules of Civil Procedure. The Court has repeatedly reminded Plaintiff Schofield of this duty, but Plaintiff has not consistently complied with the Court's Orders and the Federal Rules of Civil Procedure. Plaintiff Schofield has not shown good cause to extend the time for service of process beyond April 28, 2014 (the latest time when the forms for service should have been returned) in accordance with Fed. R. Civ. P. 4(m) and 4(c)(1), and there is no other factor which justifies the further extension of time for service.  The statute of limitations would not bar a refiled action, there has been no concealment of a defect in service and no evasion of service.  After consideration, the Court will dismiss this case without prejudice, and, should Plaintiff Schofield elect to refile this case, the Court directs Plaintiff to comply with the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and all Orders that are entered.  Accordingly, it is

**ORDERED** that this case is **dismissed without prejudice** for failure to timely return service forms and to properly serve defendant within the time extended by the Court, pursuant to Fed. R. Civ. P. 4(c)(1) and 4(m); this dismissal is without prejudice to file a new complaint in a new action, with a new case number.

2

Case No. 8:13-CV-2455-T-17AEP

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
4th day of February, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record