UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESTON LEONARD SCHOFIELD,

        Plaintiff,

v.                              Case No. 8:13-cv-2455-T-17AEP

JANE CASTOR, *et al.*,

        Defendants.

_____/

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, who proceeds in this matter *pro se*, filed a Complaint (Doc. 1) asserting claims against Tampa's Chief of Police and against the City of Tampa ("Defendants") for alleged constitutional violations committed during a vehicle stop.  Upon consideration of the allegations in the Complaint and Plaintiff's Affidavit of Indigency (Doc. 3), which the Court construed as a motion for leave to proceed *in forma pauperis*, the undersigned granted Plaintiff's construed motion and allowed Plaintiff to proceed *in forma pauperis* (Doc. 4).  The undersigned also directed Plaintiff to submit the appropriate forms to the Clerk of Court (the "Clerk") so that the U.S. Marshal could effect service upon Defendants.  The Clerk mailed the order granting the request to proceed *in forma pauperis* to Plaintiff but the order was returned as undeliverable, along with all other mail sent by the Clerk.

Following the return of all prior mail from the Clerk as undeliverable, Plaintiff filed a motion seeking to compel discovery (Doc. 6).  The undersigned denied Plaintiff's request, noting that Defendants had not yet been properly served, so no discovery could commence (Doc. 7).  Plaintiff then appealed that ruling to the district judge (Doc. 10), who affirmed the ruling, directed

the Clerk to again mail the forms to Plaintiff as directed by the prior order entered by the undersigned, and stated that, if the forms were not returned within fourteen days after mailing, the case would be dismissed (Doc. 12). Subsequently, Plaintiff personally brought in the forms that were mailed to him with the district judge's order, but Plaintiff filled out the forms incorrectly, so the Clerk again mailed the forms to Plaintiff in April, 2014.

Later, Plaintiff filed motions for default judgments against Defendants (Docs. 18, 21). Plaintiff argued that Defendants had not timely responded to the Complaint, but, in fact, Defendants had not yet been served with the Complaint or Summons due to Plaintiff's failure to properly submit the correct forms for service of process. Upon consideration of the motions for default judgment, in January, 2015, the district judge denied the motions without prejudice and directed Plaintiff to show cause within fourteen days why he failed to return the service forms mailed to him in April, 2014 (Doc. 22). The district judge warned that a failure by Plaintiff to file a response may result in dismissal of the case.

Despite the district judge's warning, and the repeated prior warnings, Plaintiff failed to respond to the show cause order or to submit the proper forms to effect service of process. As a result, the district judge dismissed the action without prejudice for failure to timely return service forms and for failure to properly serve Defendants within the time extended by the Court (Doc. 25). The district judge explicitly noted that the dismissal was without prejudice to the filing of a new complaint in a new action with a new case number. Plaintiff now seeks to appeal the order dismissing the case without prejudice (Doc. 26) and to proceed *in forma pauperis* on appeal (Doc. 27).

2

Pursuant to Rule 24(a), Federal Rules of Appellate Procedure, a party in a district-court action seeking to appeal *in forma pauperis* must file a motion in the district court and attach an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal.  Fed. R. App. P. 24(a)(1)(A)-(C).  As with a request to proceed *in forma pauperis* in a district-court action, a court considering a request to proceed *in forma pauperis* on appeal must keep in mind its mandate to dismiss a case at any time if it determines the action or appeal is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure.  *Leonard v. F.B.I.*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without an "arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *see Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989).  If the district court denies a motion to proceed *in forma pauperis* on appeal, the district clerk must immediately notify the parties and the court of appeals.  Fed. R. App. P. 24(a)(4)(A).

As explained in greater detail throughout the record, and, specifically, in the district judge's order dismissing the case without prejudice, numerous issues have arisen as a result of Plaintiff's action or inaction, including an extended delay in service of process upon Defendants,

3

the forms required to effect service either not being returned or not being completed correctly, and the consistent return of Plaintiff's mail as "undeliverable." Plaintiff received numerous opportunities and extensions to submit the proper forms to effect service upon Defendants, yet failed to do so. Accordingly, the district judge dismissed Plaintiff's claims in this action *without prejudice*, noting that the Court lacked jurisdiction over Defendants without proper service of process. Rather than dismissing the claims with prejudice or precluding Plaintiff from re-filing his claims, the district judge put Plaintiff on notice that he could file a new complaint in a new action with a new case number.

Notwithstanding, in Plaintiff's Notice of Appeal (Doc. 26), Plaintiff alleges that he "has performed all the requirements of the law as required in order to have said [default] judgment entered by this Court." The record belies such assertion, however. As a result, Plaintiff's appeal is clearly baseless and lacks an arguable basis in fact.[1] For the foregoing reasons, therefore, Plaintiff's request to proceed *in forma pauperis* on appeal should be denied. Accordingly, it is

---

[1] Furthermore, Plaintiff did not timely file his Notice of Appeal under Federal Rule of Appellate Procedure 4(a)(1)(A), as it was not filed within 30 days after entry of the order appealed from. Additionally, Plaintiff failed to notarize his Affidavit of Indigency. Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural rules governing federal court proceedings. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules" (citation and internal quotation omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Plaintiff's failure to timely file his Notice of Appeal and failure to properly fill out his affidavit on appeal thus provides further support for the denial of Plaintiff's request to proceed on appeal *in forma pauperis*.

hereby

RECOMMENDED:

1.  Plaintiff's request to proceed *in forma pauperis* on appeal (Doc. 27) be DENIED.

2.  If the Court denies the request to proceed *in forma pauperis*, the Clerk, in accordance with Federal Rule of Appellate Procedure 24(a)(4)(A), should notify the Eleventh Circuit that the motion to proceed *in forma pauperis* has been denied.

IT IS SO REPORTED in Tampa, Florida, this 15th day of May, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

### **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); M.D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

cc:     Hon. Elizabeth A. Kovachevich
        Plaintiff, *pro se*